UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANUEL ADOLFO ORTIZ<br>DOC No. 349580<br>Louisiana State Penitentiary<br>Angola, LA 70712<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530<br><br>Defendant. | Case No. 1:26-cv-3389 |

**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT**

Plaintiff Manuel Adolfo Ortiz brings this action under the Freedom of Information Act, 5 U.S.C. § 552, against the United States Department of Justice. He alleges as follows:

1. Manuel Ortiz is under sentence of death in Louisiana. He seeks access to the federal records generated through the FBI's involvement in the prosecution that sent him to death row. Although the Department of Justice has granted expedited processing of Mr. Ortiz's FOIA request, it has produced no responsive records. Ex. A at 1–2; Ex. C. OIP asserts that potentially responsive administrative records were destroyed. Ex. E at 1.

2. Among other things, these records concern the government's handling of a witness in a capital case. They concern what agents knew about his reliability, what benefits he received, and what information was supplied to state investigators

and prosecutors. Delay carries an obvious danger. Any records disclosed after an execution will be of very little comfort to Mr. Ortiz.

3. DOJ's Office of Information Policy has closed its portion of Mr. Ortiz's request without producing records. Its final appeal decision, transmitted on September 22, 2026, asserts that potentially responsive administrative records were destroyed. That's troubling, given the consequences for Mr. Ortiz. But OIP identifies no destruction date, particular files, or specific disposition authority. Ex. E at 1.

4. Mr. Ortiz seeks a reasonable search, disclosure of all nonexempt responsive records, and an enforceable production schedule that gives effect to the grant of expedited processing he has already received. 5 U.S.C. § 552(a)(3)(A), (a)(4)(B), (a)(6)(E)(iii).

## PARTIES

5. Plaintiff Manuel Adolfo Ortiz is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He remains under a death sentence. He submitted the July 21, 2026 request through counsel, who expressly identified Mr. Ortiz as his client and supplied Mr. Ortiz's signed authorization for release of records. Ex. A at 1–2.

6. Defendant United States Department of Justice is a federal agency within FOIA's meaning. 5 U.S.C. § 552(f)(1). The Federal Bureau of Investigation ("FBI") and Office of Information Policy ("OIP") are DOJ components. DOJ possesses or controls records responsive to Mr. Ortiz's request and is responsible for its components' compliance with FOIA. DOJ is sued for the acts and omissions of

those components, including the FBI's handling of Request No. 1750770-000 and the July 22 referral under EMRUFOIA072126.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. It may enjoin the withholding of agency records and order production of records improperly withheld. 5 U.S.C. § 552(a)(4)(B).

8. Venue is proper because FOIA expressly permits this action in the District of Columbia. 5 U.S.C. § 552(a)(4)(B).

9. Mr. Ortiz has exhausted administrative review of OIP's response through the final decision in Appeal No. A-2026-02127, and of the Mail Referral Unit's routing decision through the final decision in Appeal No. A-2026-02133. Exhibits E, F. He has constructively exhausted his remedies concerning FBI Request No. 1750770-000 because the FBI has failed to make the required determination within FOIA's time limits. 5 U.S.C. § 552(a)(6)(C)(i).

10. DOJ's continuing withholding of the records at issue deprives Mr. Ortiz of information to which FOIA entitles him. A reasonable search and production of responsive, nonexempt records would redress that statutory injury. They would also allow Mr. Ortiz to properly present arguments in ancillary criminal and/or *habeas* proceedings.

## THE RECORDS CONCERN A CAPITAL CONVICTION

11. The Louisiana Supreme Court's account of Mr. Ortiz's prosecution identifies Carlos Saavedra as a longtime government informant. FBI agents put the Kenner police in touch with Saavedra, who became the prosecution's most

important witness. FBI agents also testified in support of his account. *State v. Ortiz*, 701 So. 2d 922, 926–27 (La. 1997).

12. The Louisiana Supreme Court upheld Mr. Ortiz's first-degree murder conviction and death sentence concerning Tracie Williams Ortiz. It reduced the conviction concerning Cheryl Mallory to second-degree murder and remanded that count for sentencing. *Id.* at 937. In 2013, the court reinstated the death sentence after postconviction proceedings. *State v. Ortiz*, 110 So. 3d 1029, 1031 (La. 2013).

13. Records of Saavedra's dealings with federal agents bear directly on how the FBI developed, assessed, and shared evidence used in this prosecution. Records of payments, benefits, inconsistent statements, and reliability assessments are likely to illuminate both his credibility and federal officials' conduct. Ex. A at 2–3.

14. Mr. Ortiz's request seeks information about those government activities and the handling of his earlier requests for access. The public has a substantial interest in understanding the FBI's role in a prosecution that resulted in a death sentence. Mr. Ortiz also needs the records to investigate his conviction and sentence. Ex. A at 2–6.

## <u>THE JULY 21 REQUEST AND THE FBI'S RESPONSE</u>

15. On July 21, 2026, counsel submitted Mr. Ortiz's request to the FBI through its electronic FOIA portal, to OIP, and to DOJ's Mail Referral Unit. The request letter is attached as Exhibit A. The submission also included Mr. Ortiz's identity certification and authorization, along with available correspondence concerning a 1999 request submitted on his behalf by attorney Rana Dershowitz.

16. The FBI acknowledged receipt that day. OIP likewise confirmed its receipt on July 21. Ex. B at 1. On July 22, DOJ's Mail Referral Unit referred the request to both OIP and the FBI under tracking number EMRUFOIA072126.

17. The request described four categories: prior FOIA and Privacy Act requests submitted for Mr. Ortiz during 1999; records of their processing and administrative appeals; the underlying responsive records; and records concerning Saavedra's reliability and treatment as an informant. Ex. A at 2–3.

18. The request independently sought DOJ and FBI records from January 1, 1991 through the search date. Those records concern Mr. Ortiz, the killings of Tracie Williams Ortiz and Cheryl Mallory, Saavedra's work as a source or witness, and federal communications with state investigators and prosecutors. It expressly sought a determination under the law and circumstances applicable to this new request. Ex. A at 2–4.

19. The request identified FBI headquarters, the New Orleans Field Office, main files, cross-references, legacy indices, and retired or transferred records as repositories to be searched for responsive records. It asked OIP to search administrative-appeal and consultation records. The enclosed 1999 correspondence supplied additional search leads. Ex. A at 2–3.

20. Mr. Ortiz requested expedited processing because the records concern his death sentence and substantial due process rights. He asked the agency to make rolling electronic productions. He requested a fee waiver and agreed to pay up to $500 if the waiver was denied. Ex. A at 4–7.

21. The FBI assigned Mr. Ortiz Request No. 1750770-000. By letter dated August 4, 2026, it granted expedited processing. Ex. C.

22. The FBI's grant of expedited processing required priority processing as soon as practicable. 5 U.S.C. § 552(a)(6)(E)(iii); 28 C.F.R. § 16.5(e)(4) (2026). The August 4 letter supplied no determination of the scope of records to be disclosed or withheld.

23. The ordinary 20-working-day period following July 21 receipt expired on August 18, 2026. 5 U.S.C. § 552(a)(6)(A)(i). The FBI has sent no notice that tolled that period or extended it for unusual circumstances. Mr. Ortiz has agreed to no alternative deadline.

24. As of this filing, the FBI has produced no responsive records. It has made no determination identifying the scope of the records it will produce or withhold, the reasons for any withholding, or the right to appeal an adverse determination. It has supplied no production schedule.

25. A timely determination requires the agency to gather and review the records, identify the scope of its intended disclosures and withholdings, explain any withholding, and advise the requester of appeal rights. *Citizens for Resp. & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013) ("*CREW*"). Acknowledging the request and granting expedition is not sufficient to constitute a determination under *CREW*.

26. FOIA's 20-working-day period governs the determination; production must follow promptly. *CREW*, 711 F.3d at 188–89. The FBI's failure to make a determination permits Mr. Ortiz to seek judicial relief under 5 U.S.C. § 552(a)(6)(C)(i). Its continuing withholding, despite the grant of expedited processing, warrants a court-supervised production schedule.

**OIP'S SEARCH AND THE SEPTEMBER 22 APPEAL DENIAL**

27. OIP assigned Request No. FOIA-2026-04133. Its July 29, 2026 response stated that a search in that office had located no responsive records. It added that FOIA request files are destroyed six years after the agency's final response. It suggested directing the request to the FBI for FBI records. Ex. B at 1.

28. The July 29 response did not identify the systems, custodians, search terms, or date ranges searched. It did not identify an actual destruction of Mr. Ortiz's files. Its statement about a general retention period left unanswered whether responsive appeal records, tracking entries, consultation records, or surviving copies remained under DOJ's control. Ex. B at 1.

29. On August 5, 2026, Mr. Ortiz timely appealed through counsel. He challenged the adequacy of OIP's search, its reliance on a general retention schedule, its treatment of retired or transferred records, and related matters. Ex. D.

30. OIP acknowledged the appeal as No. A-2026-02127 on August 6. It granted expedited processing of the appeal on August 7 and repeated that notification on August 10.

31. On September 22, 2026, OIP transmitted its final decision affirming the Initial Request Staff's response. The decision is attached as Exhibit E. It states that potentially responsive records were destroyed under NARA-approved retention and disposition schedules, and that their responsiveness could not be determined because they had been destroyed. Ex. E at 1.

32. That assertion goes beyond the July 29 letter's description of a retention schedule. OIP still identifies no particular files destroyed, date of destruction,

applicable schedule item, or evidence establishing that all responsive administrative records and surviving copies were covered. Exs. B, E.

33. OIP also affirmed that its Initial Request Staff does not maintain the underlying investigative and informant records. Ex. E at 1. That determination leaves the FBI's separate obligations unresolved. DOJ had already routed the request to the FBI, which had accepted it and granted expedited processing.

34. On information and belief, Mr. Ortiz alleges that OIP failed to conduct a search reasonably calculated to locate all responsive records within its possession or control, including responsive appeal and consultation records. Its unexplained reliance on destruction does not establish that reasonably likely repositories and surviving copies were searched.

35. An adequate search must address reasonably likely sources and follow clear leads. A generalized destruction assertion cannot, by itself, establish the adequacy of a search. *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325–28 (D.C. Cir. 1999).

36. The requested relief includes a search of retired or off-site records that remain under DOJ's control when those locations are reasonably likely to contain responsive material. Physical storage at a Federal Records Center does not itself transfer legal custody to NARA. 36 C.F.R. § 1250.8(c) (2026); *Valencia-Lucena*, 180 F.3d at 327 (rejecting the agency's refusal to search a federal records center it had identified as a likely source of responsive records).

**THE SEPTEMBER 24 DECISION ON THE MRU REFERRAL**

37. On September 24, 2026, OIP issued its final decision in Appeal No. A-2026-02133, which concerned the Mail Referral Unit's July 22 response to the

same request. OIP affirmed the routing decision and expressly confirmed that the request had been referred to the FBI and OIP's Initial Request Staff for processing and direct response. Ex. F at 1.

38. The September 24 decision directs Mr. Ortiz to contact those components about the request's status and advises him that he may appeal future adverse determinations. It makes no determination of the records the FBI will disclose or withhold, supplies no production schedule, and produces no records. Ex. F at 1–2.

39. The FBI request and the records covered by the July 22 referral are expressly included in this action. DOJ remains responsible for its components' compliance with FOIA after an internal referral. Separate joinder of the FBI is unnecessary to obtain relief against DOJ for that processing. *Peralta v. U.S. Att'y's Off.*, 69 F. Supp. 2d 21, 30–31 (D.D.C. 1999) (on reconsideration).

## **COUNT I**

## **VIOLATIONS OF THE FREEDOM OF INFORMATION ACT**

40. Mr. Ortiz incorporates the preceding allegations.

41. Mr. Ortiz submitted a proper request that reasonably described the records sought. He has a statutory right to responsive, nonexempt agency records and all reasonably segregable portions of responsive records. 5 U.S.C. § 552(a)(3)(A), (b).

42. DOJ has violated FOIA through the FBI's failure to make a timely determination and promptly produce responsive, nonexempt records, and through OIP's inadequate search. DOJ continues improperly to withhold responsive agency records. 5 U.S.C. § 552(a)(3)(A), (a)(4)(B), (a)(6)(A)(i).

43. DOJ must process this 2026 request under the applicable disclosure requirements, including the foreseeable-harm requirement where applicable and

the duty to release reasonably segregable material. 5 U.S.C. § 552(a)(8)(A), (b). The requested search includes responsive records created after the 1990s and records of the processing and disposition of the 1999 request. Ex. A at 2–4.

44. Mr. Ortiz has exhausted administrative review of OIP's no-records response and the Mail Referral Unit's routing decision. He has constructively exhausted his remedies as to the FBI, or alternatively is excused from further pursuing such remedies. Neither final appeal decision determines the merits of the FBI request or ends the FBI's processing obligations. Exhibits C, E, F; 5 U.S.C. § 552(a)(6)(C)(i).

45. The Court may require prompt processing on a reasonable schedule and supervise compliance through periodic status reports. *Clemente v. FBI*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014) (court uses equitable powers to require agency to process documents according to a court-imposed timeline.).

46. Mr. Ortiz's death sentence, the importance of the requested informant records, and the FBI's grant of expedition support prompt judicial supervision. An enforceable schedule should require priority review of the investigative and informant records, rolling releases, and a definite completion date.

**PRAYER FOR RELIEF**

Mr. Ortiz respectfully requests that the Court:

A. Declare that DOJ has violated FOIA by failing to conduct an adequate search and by improperly withholding responsive agency records;

B. Order DOJ to conduct a search reasonably calculated to locate all responsive records within its possession or control, including reasonably likely repositories of retired records and surviving copies;

C. Order DOJ, through the FBI and OIP, to process the July 21 request and produce all responsive, nonexempt records and reasonably segregable portions by dates certain;

D. Require an expedited production schedule that prioritizes the investigative and informant records, provides for rolling releases, and fixes a completion date;

E. Retain jurisdiction and require periodic status reports sufficient to supervise compliance with FOIA and the Court's orders;

F. Award Mr. Ortiz reasonable attorney fees and other litigation costs under 5 U.S.C. § 552(a)(4)(E); and

G. Grant any other just and proper relief.

Dated: September 28, 2026

MANUEL ADOLFO ORTIZ
By Counsel:

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
101 Rainbow Drive #11506
Livingston, TX 77399
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com