HARDIN LAW OFFICE

Matthew D. Hardin · 101 Rainbow Drive · PMB 11506 · Livingston, TX 77399
Phone: (202) 802-1948 · Email: HardinLawPLLC@icloud.com

August 5, 2026

**VIA FOIA STAR PORTAL**

Director, Office of Information Policy
U.S. Department of Justice
Sixth Floor, 441 G Street, NW
Washington, DC 20530-0001

**Re: FREEDOM OF INFORMATION ACT APPEAL – Request No. FOIA-2026-04133 (Manuel Ortiz); Appeal of "No Records" Determination and of the Failure to Determine Expedited Processing**

Dear Director:

I represent Manuel Ortiz, a prisoner under sentence of death at the Louisiana State Penitentiary at Angola. On July 21, 2026, I submitted a FOIA and Privacy Act request on his behalf to the Department's Mail Referral Unit, the FBI, and the Office of Information Policy (OIP), together with a request for expedited processing (Exhibit A). By letter dated July 29, 2026, OIP responded that "a search has been conducted in this Office, and no records responsive to your request were located." (Exhibit B) OIP also suggested that I "direct [my] request to the FBI." *Id.* The response does not mention expedited processing at all. This is a timely administrative appeal under 28 C.F.R. § 16.8, submitted within ninety days of the determination.

The appeal presents three problems, each of which independently requires reversal. First, the "no records" determination cannot be reconciled with the Department of Justice correspondence in counsel's own possession, enclosed as Exhibit C. Second, the Department's regulations commit the Mail Referral Unit to route a request to the components likely to have records; instead, the Department told the requester to start over somewhere else. Third, the statute and the Department's regulation required a determination on expedited processing within ten days, and none was made. Each point is addressed below.

## I. Background

The underlying request sought four categories of records: (1) prior FOIA and Privacy Act requests submitted by or on behalf of Mr. Ortiz, including a 1999 request submitted by attorney Rana Dershowitz of Fried, Frank, Harris, Shriver & Jacobson; (2) the files reflecting the processing and appeal of those requests; (3) the underlying records responsive to those requests, processed de novo; and (4) records bearing on the reliability and treatment of Carlos Saavedra, the FBI informant who became the central prosecution witness in Mr. Ortiz's capital case. The request asked the Mail Referral Unit to route it to every component likely to maintain responsive records, and it included a statement, certified to be true and correct under 28 C.F.R. § 16.5(e)(3), establishing two independent grounds for expedited processing.

OIP's response addressed almost none of this. It reported a search "in this Office" only. It identified no records systems searched, no search terms, and no methods. It did not state that the files at issue were in fact destroyed; it observed only that, under the National Archives and Records Administration's General Records Schedules, FOIA request files "are appropriately destroyed six years after the final response by the agency." It did not route the request anywhere. It did not address Items 3 and 4. And it made no determination on expedited processing or on the requested fee waiver.

## II. The "No Records" Determination Rests on an Inadequate Search

**A. Responsive records exist.** Enclosed as Exhibit C is correspondence related to the prior FOIA request, which should be in your files. An agency responding to a FOIA request must show "that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Department of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). Although the failure to locate one identified document does not by itself establish inadequacy, Exhibit C is a positive indication of overlooked material. A stamp at the bottom of the exhibit indicates that this document was used by the Government in a death penalty prosecution of Mr. Ortiz; it is therefore extremely unlikely that this document was destroyed pursuant to any records schedule or is otherwise unavailable for production. While "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search," *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003), OIP has described no methods at all. Coupled with Exhibit C, that omission prevents OIP from carrying its burden to show an adequate search.

**B. A records-retention schedule is not evidence of destruction.** OIP did not state that the files concerning Mr. Ortiz were destroyed, and as stated above that would be an incredible assertion given that at least some of the records responsive to Mr. Ortiz's request were used by the Government in a death penalty prosecution. Instead, OIP merely stated that files of this kind are "appropriately destroyed" after six years. The D.C. Circuit has held that "generalized claims of destruction or non-preservation" cannot carry an agency's burden. *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 328 (D.C. Cir. 1999). If the files were retired to a Federal Records Center or otherwise remain in DOJ's legal custody, they remain agency records, and DOJ "is obligated under FOIA to search" the places, including a Federal Records Center, that it has reason to know may contain them. *Id.* at 327. On remand, the Department should either search the locations where these files may survive or state, on the record, what was destroyed, when, by whom, and under what disposition authority, and whether copies exist in other systems.

**C. The search skipped the most obvious places.** OIP is the Department's administrative-appeals office. If the 1999 request was appealed, the appeal file would be OIP's own record, held by its predecessor, the Office of Information and Privacy. Any adequate search must therefore cover OIP's legacy files and tracking systems

under both office names, the Department's FOIA logs and tracking databases for the relevant years, and records retired to storage. It must also account for the request's full scope: Items 3 and 4 seek investigative records that are concededly maintained by the FBI and other components, which is precisely why the request asked for routing. A response confined to "this Office" (OIP) does not answer the request that was made.

**III. The Department Failed to Route the Request as Its Own Regulation Directs**

The request was submitted to the Mail Referral Unit for a reason. Under the Department's regulations, a requester who cannot determine which component maintains the records may send the request to the Mail Referral Unit, and that Unit forwards the request to the component or components most likely to have the records. 28 C.F.R. § 16.3(a)(2). The Department's own FOIA Reference Guide says the same thing. FOIA itself contemplates prompt routing of a request received by the component designated in the agency's regulations to receive it. 5 U.S.C. § 552(a)(6)(A). Yet the response instructs the requester that "you need to direct your letter to the office(s) you believe have records," and suggests that Mr. Ortiz "may want to direct" the request to the FBI. That inverts the regulation. The routing obligation belongs to the Department, and it was not honored.

On remand, the Department should route this request, with the response period calculated under 5 U.S.C. § 552(a)(6)(A)(ii), to the FBI, the Executive Office for United States Attorneys, the Criminal Division, the Justice Management Division, and every component identified in the correspondence enclosed as Exhibit C or in the Department's own processing records for the earlier requests.

**IV. The Failure to Decide Expedited Processing Violates the Statute and the Regulation, and Expedition Should Now Be Granted**

FOIA requires an agency to determine whether to provide expedited processing, and to give notice of that determination, within ten days. 5 U.S.C. § 552(a)(6)(E)(ii)(I). The Department's regulation requires notice of the determination within ten calendar days. 28 C.F.R. § 16.5(e)(4). The request was received on July 21, 2026, and it stated on its face, and in its subject line, that expedited processing was requested. The response makes no mention of expedition. The determination is overdue, and the omission is itself error.

Expedition remains warranted on remand, on both grounds certified in the request: circumstances posing an imminent threat to the life of an individual, 28 C.F.R. § 16.5(e)(1)(i), and the loss of substantial due process rights, 28 C.F.R. § 16.5(e)(1)(iii). Mr. Ortiz is under a sentence of death. Louisiana resumed executions on March 18, 2025, and its officials have continued through 2025 and 2026 to press for execution dates in long-dormant capital cases. The full factual basis is set out in the certified statement in Exhibit A, which is incorporated here. I renew that certification for purposes of this appeal: I certify that the statements concerning the basis for expedited processing set out above and in Exhibit A are true and correct to the best of my

knowledge and belief. The passage of the appeal period has only heightened the urgency, because time lost to a remand is time Mr. Ortiz does not have.

**V. Relief Requested**

DOJ should:

1. Reverse the "no records" determination and remand with instructions to conduct and document an adequate search, including OIP's legacy and predecessor-office files, FOIA tracking systems and logs, and records retired to Federal Records Centers;

2. Direct that the request be routed to the FBI, the Executive Office for United States Attorneys, the Criminal Division, the Justice Management Division, and any other component reasonably likely to maintain responsive records, with the response period calculated under 5 U.S.C. § 552(a)(6)(A)(ii);

3. Grant expedited processing, or at minimum direct an immediate determination on the pending request for expedited processing, which is now overdue under 5 U.S.C. § 552(a)(6)(E)(ii)(I) and 28 C.F.R. § 16.5(e)(4);

4. If the Department maintains that any responsive records were destroyed, direct it to state what was destroyed, when, under what disposition authority, and whether copies exist in any other system or component; and

5. Direct a determination on the pending fee waiver request, which likewise remains unaddressed.

A determination on this appeal is due within twenty working days. 5 U.S.C. § 552(a)(6)(A)(ii). Given the pending and undecided request for expedited processing, I respectfully ask that the appeal itself be handled expeditiously. I am available to confer with the Appeals Staff or the FOIA Public Liaison at any time.

Respectfully submitted,

Matthew D. Hardin
*Counsel for Manuel Ortiz*

**Enclosures:**

Exhibit A – FOIA and Privacy Act Request of July 21, 2026 (with certification of identity and request for expedited processing)
Exhibit B – OIP Final Response, FOIA-2026-04133 (July 29, 2026)
Exhibit C – Department of Justice correspondence concerning prior FOIA request(s) on behalf of Manuel Ortiz