UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANUEL ADOLFO ORTIZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 26-3389 (ABJ) |

# ANSWER

Defendant the Department of Justice (the "Department" or "Defendant"),[1] by and through undersigned counsel, respectfully submits the following Answer to Plaintiff's Complaint filed on September 28, 2026 (ECF No. 1) in this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, action. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants respectfully refer the Court to those materials for a complete and accurate statement of their contents and denies any allegations inconsistent therewith. Defendant's references to such material are not intended to be, and should not be construed as, an admission that the cited materials are correctly cited or quoted by Plaintiff; relevant to this, or any other, action; or admissible in this, or any other, action. Defendant responds to the Complaint in corresponding, numbered paragraphs[2] as follows:

---

[1] The Department maintains a decentralized FOIA system, in which each Department component processes its own FOIA requests. While the Department is the only named Defendant, this Answer is inclusive of responses from the Federal Bureau of Investigation ("FBI") and the Office of Information Policy ("OIP").

[2] Defendant replicates the headings contained in the Complaint merely for ease of reference. Although Defendant believes that no response is required to such headings (Fed. R. Civ. P. 10(b)),

**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT**

The first unnumbered paragraph at the beginning of the Complaint consists of Plaintiff's characterization of the present action to which no response is required.

1. Defendant denies that OIP granted expedited processing of Plaintiff's FOIA request to OIP and admits that the FBI granted expedited processing of Plaintiff's FOIA to the FBI. The remainder of the allegations in this paragraph consists of Plaintiff's characterizations of documents attached to the Complaint, which speak for themselves and are the best evidence of their contents. Defendant respectfully refers the Court to a copy of the referenced documents, and denies all allegations contained in this paragraph inconsistent therewith. To the extent a response is deemed required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the remainder of paragraph 1.

2. Paragraph 2 constitutes Plaintiff's characterization of alleged background information, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action, to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations.

3. Defendant admits that by letter dated July 29, 2026, OIP issued a final determination as to Plaintiff's FOIA request to OIP. Defendant also admits that by letter dated September 22, 2026, OIP responded to Plaintiff's administrative appeal. Defendant respectfully refers the Court to the July 29, 2026, letter, and the September 22, 2026, appeal response for a complete and accurate statement of the contents of each document and denies any allegations inconsistent therewith.

---

to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

4. Paragraph 4 constitutes Plaintiff's characterization of its claims in this lawsuit, to which no response is required. To the extent a response is deemed required, Defendant admits Plaintiff has brought an FOIA action.

**PARTIES**

5. Defendant admits that the FBI and OIP received identical FOIA requests from Plaintiff dated July 21, 2026, as well as the fully duplicative request routed by the Department's Mail Referral Unit ("MRU"), to which the Court is referred for a complete and accurate statement of the contents of each identical FOIA request. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in this paragraph.

6. Defendant admits the allegation in the first sentence of paragraph 6. As to the allegations in the second sentence, admit. As to the allegations in the third and fourth sentences, these sentences consist of Plaintiff's characterization of this lawsuit and conclusions of law to which no response is required. To the extent a response to these two sentences is deemed required, denied.

**JURISDICTION AND VENUE**

7. Paragraph 7 consists of conclusions of law, to which no response is required. To the extent a response is required, Defendant admits that the Court has jurisdiction over this matter subject to the terms and limitations of the FOIA.

8. Paragraph 8 consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this judicial district.

9. The first sentence of Paragraph 9 consists of conclusions of law to which no response is required. To the extent a response is required, OIP admits that Plaintiff has exhausted administrative remedies. As to the allegations in the second sentence, this sentence consists of

conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations as they pertain to the FBI's *Glomar* response pursuant to FOIA exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C), and as to the remainder of the request, admit only that as of the date of the Complaint, it has not issued a final response to the remainder of Plaintiff's FOIA Request.

10. Paragraph 10 consists of Plaintiff's request for relief to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

**THE RECORDS CONCERN A CAPITAL CONVICTION**

11. The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim under FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). They also allege background facts unnecessary to the consideration of Defendant' response to the FOIA requests at issue. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

12. The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim under FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). They also allege background facts unnecessary to the consideration of Defendant's response to the FOIA requests at issue. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

13. The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim under FOIA, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). They also allege background facts unnecessary to the

consideration of Defendant's response to the FOIA requests at issue. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph

14. The second sentence of Paragraph 14 consists of conclusions of law to which no response is required. The remainder of this paragraph constitutes Plaintiff's characterization of his own FOIA requests and his reasons for making them, to which no response is required. To the extent a response is deemed required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

**THE JULY 21 REQUEST AND THE FBI'S RESPONSE**

15. Defendant admits that the FBI and OIP received identical FOIA requests from Plaintiff dated July 21, 2026, as well as the fully duplicative request routed by the Department's MRU, to which the Court is referred for a complete and accurate statement of the contents of each identical FOIA request.

16. Defendant admits that the FBI sent a response letter to Plaintiff, dated August 4, 2026, acknowledging receipt of the requests and assigning the duplicate requests FOIPA request No. 1750770-000, and that OIP sent a final response to Plaintiff by letter dated July 29, 2026.

17. Paragraph 17 consists of Plaintiff's characterization of his own FOIA requests, to which no response is required. Defendant respectfully refers the Court to Plaintiff's requests and denies all allegations inconsistent therewith.

18. Paragraph 18 consists of Plaintiff's characterization of his own FOIA requests, to which no response is required. Defendant respectfully refers the Court to Plaintiff's requests and denies all allegations inconsistent therewith.

19. Paragraph 19 consists of Plaintiff's characterization of his own FOIA requests, to

which no response is required. Defendant respectfully refers the Court to Plaintiff's requests and denies all allegations inconsistent therewith.

20. Defendant admits that Plaintiff requested expedited processing and a fee waiver. Defendant respectfully refers the Court to Plaintiff's requests and denies all allegations inconsistent therewith.

21. Defendant admits the allegations in paragraph 21.

22. The first sentence of paragraph 22 consists of Plaintiff's conclusions of law, to which no response is required. As to the second sentence, Defendant respectfully refers the Court to the referenced letter and denies all allegations inconsistent therewith.

23. Paragraph 23 consists of Plaintiff's conclusions of law and characterization of this lawsuit, to which no response is required. To the extent a response is deemed required, Defendant admits that it did not send notice invoking unusual circumstances or tolling the response period.

24. Defendant admits only that, as of the date of the Complaint, it has not issued a final response to Plaintiff's FOIA request. Defendant denies the allegations in the second sentence of this paragraph.

25. Paragraph 25 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant refers the Court to the cited legal authority and denies any allegations inconsistent therewith.

26. The first two sentences of paragraph 26 consist of conclusions of law, to which no response is required. As to the third sentence of this paragraph, Defendant denies.

## OIP'S SEARCH AND THE SEPTEMBER 22 APPEAL DENIAL

27. Defendant admits that OIP sent Plaintiff a final response letter dated July 29, 2026, and respectfully refers the Court to the July 29, 2026 letter for a complete and accurate statement

of its contents and denies any allegations inconsistent therewith.

28. Defendant admits that OIP sent Plaintiff a final response letter dated July 29, 2026, and respectfully refers the Court to the July 29, 2026 letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

29. Defendant admits that OIP received Plaintiff's administrative appeal dated August 5, 2026, and respectfully refers the Court to Plaintiff's appeal for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

30. Defendant admits that OIP acknowledged Plaintiff's administrative appeal by letter dated August 6, 2026, and granted expedited processing as to Plaintiff's appeal.

31. Defendant admits that OIP responded to Plaintiff's administrative appeal by letter dated September 22, 2026, affirming the actions of OIP's Initial Request Staff, and respectfully refers the Court to the September 22, 2026 appeal response for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

32. Defendant admits that OIP responded to Plaintiff's appeal by letter dated September 22, 2026, affirming the actions of OIP's Initial Request Staff, and respectfully refers the Court to the September 22, 2026 appeal response for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

33. Defendant admits that OIP responded to Plaintiff's appeal by letter dated September 22, 2026, affirming the actions of OIP's Initial Request Staff, and respectfully refers the Court to the September 22, 2026 appeal response for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

34. Denied.

35. Paragraph 35 consists of conclusions of law to which no response is required.

36. Paragraph 36 consists of Plaintiff's request for relief and conclusions of law to which no response is required.

**THE SEPTEMBER 24 DECISION ON THE MRU REFERRAL**

37. Defendant admits that OIP responded to Plaintiff's appeal by letter dated September 24, 2026, affirming the MRU's action on Plaintiff's request, and respectfully refers the Court to the September 24, 2026, appeal response for a complete and accurate statement of its contents and denies any allegations inconsistent therewith

38. Defendant admits that OIP responded to Plaintiff's appeal by letter dated September 24, 2026, affirming the MRU's action on Plaintiff's request, and respectfully refers the Court to the September 24, 2026, appeal response for a complete and accurate statement of its contents and denies any allegations inconsistent therewith

39. Paragraph 39 consists of conclusions of law to which no response is required.

**COUNT I**
**VIOLATIONS OF THE FREEDOM OF INFORMATION ACT**

40. Defendant incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

41. Paragraph 41 consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

42. Paragraph 42 consists of conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

43. The first sentence of Paragraph 43 consists of conclusions of law to which no response is required. The second sentence of Paragraph 43 consists of Plaintiff's characterization of his own FOIA requests, to which no response is required. Defendant respectfully refers the Court to Plaintiff's requests and denies all allegations inconsistent therewith.

44. The first sentence of Paragraph 44 consists of conclusions of law, to which no response is required. To the extent a response is required, OIP admits that Plaintiff has exhausted administrative remedies. As to the allegations in the second and third sentences of this paragraph, the FBI denies.

45. Paragraph 45 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant refers the Court to the cited legal authority and denies any allegations inconsistent therewith.

46. Paragraph 46 consists of Plaintiff's request for relief or conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in this paragraph.

The unnumbered paragraphs following Paragraph 46 of the Complaint consist of Plaintiff's request for relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the requested relief. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in the Complaint that are not specifically admitted herein.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12.

## FIRST DEFENSE

Defendant has exercised due diligence in processing Plaintiff's FOIA requests, and

exceptional circumstances exist that necessitate additional time for Defendant to continue its processing of Plaintiff's FOIA requests. *See* 5 U.S.C. § 552(a)(6)(C).

**SECOND DEFENSE**

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA, 5 U.S.C. § 552(b), or the Privacy Act, 5 U.S.C. § 552a.

**THIRD DEFENSE**

Defendant has not improperly withheld records requested by Plaintiff under the FOIA. 5 U.S.C. § 552(b).

**FOURTH DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

**FIFTH DEFENSE**

Plaintiff failed to exhaust administrative remedies.

**SIXTH DEFENSE**

Plaintiff is neither eligible nor entitled to attorney's fees or costs in this matter.

Dated: November 12, 2026 Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: _/s/ Malcolm McDermond_
MALCOLM MCDERMOND
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-1709
Malcolm.McDermond@usdoj.gov

*Attorneys for the United States of America*